Travis J. Morrissey, Attorney at Law Hurst Law Firm, P.L.L.C. 213 Woodbine Hot Springs, AR 71901
Dear Mr. Morrissey:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted two similar measures that I rejected due to ambiguities in the text of your proposed amendment. See
Opinion Nos. 2002-058 and 2001-378. You have since made additional changes to your measure and submitted a popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AMENDMENT TO PROVIDE FOR THE ELECTION OF THE ARKANSAS GAME FISH COMMISSIONERS
 Ballot Title PROPOSING AN AMENDMENT TO AMENDMENT NO. 35 TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO PROVIDE FOR THE ELECTION OF MEMBERS OF THE ARKANSAS STATE GAME AND FISH COMMISSION BY POPULAR VOTE; TO PROVIDE FOR THE APPOINTMENT OF THE DIRECTOR OF THE ARKANSAS STATE GAME AND FISH COMMISSION BY THE GOVERNOR; TO PROVIDE FOR TRANSITION TO THE NEW FORM OF THE ARKANSAS STATE GAME AND FISH COMMISSION; AND FOR OTHER PURPOSES
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. The first sentence of Section 2 (a) of your proposal, which amends Section 2 of Amendment 35, provides that:" The Arkansas Game and Fish Commission shall be comprised of eight (8) Commissioners who shall be elected by popular vote, including any independent candidates." Two ambiguities arise from this language. First, this language sets the total number of Commissioners at eight, all of whom are to be elected. Your proposal leaves unamended, however, the last sentence of existing Section 1 of Amendment 35, which, although also setting the number of Commissioners at eight, dictates that one Commissioner be an "associate" nonvoting member who is a faculty member at the University of Arkansas. Your proposal therefore conflicts with the last sentence of existing Section 1. If it is your intention to do away with the associate nonvoting member, this language in existing Section 1 of Amendment 35 must be removed before I can certify a ballot title for your measure. Second, the first sentence of your Section 2 (a) refers to eight commissioners, elected by popular vote, "including any independent candidates." It is clear from Section 2(b) of your proposal, however, that Commissioners will be elected on a nonpartisan basis. As I stated in my rejection of one of your earlier proposals, "why is it necessary to have `independent' candidates if the election of all Commissioners is on a `nonpartisan' basis?'" Op. Att'y. Gen. 2002-058 at 5. Your continued reference to independent candidates in a nonpartisan election is confusing and ambiguous.
 2. Section 3 of your proposal amends existing Section 4 of Amendment 35 to remove the existing language requiring Commissioners to serve without compensation. Your proposal allows the General Assembly to set the compensation of Commissioners. See Proposal, § 2. As such, it was necessary for you to remove the contrary language in Section 4 of Amendment 35. Despite this removal, however, your proposal retains the existing heading or title to Section 4 of Amendment 35, which states: "Oath of Office — Members serve without compensation-Expenses-Payment". See Proposal, § 2. This heading's reference to members serving without compensation is confusing and does not reflect the substance of your amended Section 4. It must be clarified before I can certify a ballot title for your measure.
 3. Section 5 of your proposal amends existing Section 6 of Amendment 35 to provide for a Director of the Commission, who shall be appointed by the Governor for a term of four years. Section 7 of your proposal, however, provides that the General Assembly may by law authorize the Commission to elect a Director, Vice Director and such other officers from the membership of the Commission as it deems necessary. Although I understand that the reference to a "Director" in your Section 5 likely refers to an employee of the Commission, and that your reference to "Director" in Section 7 of your proposal refers to one of the members of the Commission, it is highly confusing to refer to both officers as "Director." This confusing textual reference would undoubtedly cause confusion when summarized in a ballot title for your measure. It must therefore be clarified before I can perform my statutory duty.
 4. Although it would likely not, standing alone, prevent my certification of a ballot title for your measure, there appears to be a typographical error in Section 6 of your proposal regarding the word "supervision."
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP/cyh